# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **NORTH COAST MEDIA, LLC** | **Case No.** |
| **Plaintiff,** | |
| **v.** | **Judge: 1:22-cv-1520** |
| **ROBERT R. ROSCOE** | |
| **and** | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR AND DECEPTIVE TRADE PRACTICES, AND BREACH OF CONTRACT** |
| **THAT'S GREAT NEWS, LLC** | |
| **Defendants.** | **(Jury Demand Endorsed)** |

Plaintiff North Coast Media, LLC ("NCM"), by and through its undersigned attorneys, for its Complaint against defendants Robert R. Roscoe and That's Great News, LLC ("Defendants"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1.      NCM brings this action seeking injunctive and monetary relief for Defendants' intentional, willful, and continuous infringement of NCM's copyrights in NCM's *Landscape Management* publication series. Specifically, the infringement of NCM's copyrights in its articles contained in issues of *Landscape Management* issued in June 2020, December 2020, June 2021, August 2021, September 2021, October 2021, December 2021, and April 2022 (the "Copyrighted Works").

2.      NCM has been in business since May 1, 2012 and is the largest business-to-business (B2B) publishing company headquartered in Cleveland, Ohio.

1

3.      NCM provides media services for businesses by devising marketing strategies that use and analyze design, content, and data to help businesses find and reach their target audiences.

4.      NCM owns *Landscape Management*, a publication which focuses on assisting green industry professionals grow their landscape and lawn care businesses. Each month, NCM uses *Landscape Management* to publish articles written by NCM employees and others on various topics related to landscaping and lawn care.

5.      The Copyrighted Works were either created by NCM employees within the scope of their employment or assigned to NCM. As a result, NCM is the owner of all copyrights in the Copyrighted Works.

6.      Since creation of the Copyrighted Works, NCM has published and distributed copies of the Copyrighted Works in the United States by making them available to its subscribers online, in print, and through electronic newsletters.

7.      NCM brings this action for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

8.      NCM also brings this action for violations of the Ohio Deceptive Trade Practices Act for portions of the conduct alleged herein.

9.      NCM also brings this action for breach of contract for portions of the conducted alleged herein.

10.     NCM seeks all remedies afforded by the Copyright Act, the Ohio Deceptive Trade Practices Act, and for breach of contract, including preliminary and permanent injunctive relief, NCM's damages and Defendants' profits from their willful infringements, and other monetary relief.

74551975v1

## JURISDICTION AND VENUE

11.     This Court has federal question subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and over the state and common law claims pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13.     Defendants are subject to personal jurisdiction in this district regarding this action. On information and belief, Defendants regularly solicit and do business with customers located in Ohio and they regularly make copies of authored works from NCM and third parties that are based in Ohio as even a simple internet search for "That's Great News" and "Ohio" establishes.

## PARTIES

14.     NCM is a limited liability company duly licensed, formed, and doing business in the State of Ohio. NCM provides media services for businesses across the United States and owns several publications, including *Landscape Management*.

15.     NCM is the owner and has all rights to causes of actions and claims to the works in **Exhibits A** through **Exhibit I** of its Complaint, for the purposes of pursuing this action and trial. **Exhibits A** through **Exhibit I** include copies of online records from the U.S. Copyright Office for each asserted copyright registration owned by NCM followed by the page or pages from the registered work that has been copied by the Defendants, as addressed later.

3

74551975v1

16.     Upon information and belief, Defendant That's Great News, LLC is a limited liability company formed under the laws of Connecticut, and has a principal place of business located at 900 Northrop Road, Wallington, CT 06492.

17.     Upon information and belief, Defendant Robert R. Roscoe is an individual residing in Wallington, CT and is the CEO/Founder and sole controlling member of Defendant That's Great News, LLC.

## FACTS

**A.     NCM, *Landscape Management*, and the Copyrighted Works**

18.     NCM is the owner of copyright interests in numerous volumes of its *Landscape Management* publication.

19.     NCM owns all right, title, and interest in the following copyrighted works for volumes of its *Landscape Management* publication:

- U.S. Copyright Registration No. TX0008980760, entitled Volume 59 No. 6, registered on June 15, 2021 for the June 2020 issue (**Exhibit A**);

- U.S. Copyright Registration No. TX-0009075566, entitled Volume 59, No. 12, registered on February 5, 2021 for the December 2020 issue (**Exhibit B**);

- U.S. Copyright No. TX-0009079180, entitled Volume 60,  No. 6, registered on July 1, 2021 for the June 2021 issue (**Exhibit C**);

- U.S. Copyright No. TX-0009108038 entitled Volume 60,  No. 8 registered on October 4, 2021 for the August 2021 issue (**Exhibit D**);

- U.S. Copyright No. TX-0009109497, entitled Volume 60, No. 9, registered on October 4, 2021 for the September 2021 issue (**Exhibit E**);

- U.S. Copyright No. TX-0009135015, entitled Volume 60, No. 10, registered on November 4, 2021 for the October 2021 issue (**Exhibit F**);

- U.S. Copyright No. TX-0009140097, entitled Volume 60, No. 12, registered on January 7, 2022 for the December 2021 issue (**Exhibit G**); and

- U.S. Copyright No. TX-0009141745, entitled Volume 61, No. 4, registered on May 4, 2022 for the April 2022 issue (**Exhibit H**).

20.    NCM also applied for registration of Volume 61, No. 3 of *Landscape Management* issued in March 2022 within three months of the work's first publication and will amend this Complaint upon receipt of the registration, which has yet to issue.

21.    NCM created Volume 61, Number 3 of *Landscape Management,* including the relevant article  "Getting Grunderstruck in Nashville," on or around March 2022.  A true and correct copy of the work is attached hereto as **Exhibit I**.

22.    The Copyrighted Works are wholly original, and NCM is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

23.    NCM publishes and distributes the Copyrighted Works in print form and through electronic means on its website located at https://landscapemanagement.net. These methods of publication, distribution, and display, have served NCM well; research efforts set forth in the *Landscape Management* publication have garnered numerous awards, including some from the Turf & Ornamental Communicators Association and the American Society of Business Publication Editors. *Landscape Management* has a social media following of over 48,600 people, resulting in excellent reader engagement.

24.     The Copyrighted Works are of significant value to NCM because they continue to build upon the prestigious reputation of the *Landscape Management* series, which accounts for substantial financial and other benefits from use of the Copyrighted Works.

**B.     Defendants' Infringing Conduct**

25.     Upon information and belief, Defendants provide copies of magazines, newspapers, or online news articles (such as NCM's) on custom-designed plaques.

26.     Defendants have a long history of infringing NCM's Copyrighted Works and a long history of promising to stop.

27.     On August 20, 2013, NCM's counsel sent Defendants a cease and desist letter requesting they stop selling plaques featuring the creative works contained in NCM's publications. (8/20/2013 Cease and Desist Letter, attached as **Exhibit J**).

28.     NCM's counsel communicated directly with Defendant Roscoe, and on February 6, 2014, Defendants agreed they would cease and desist from using NCM's copyrighted work in connection with sales of plaques that bear identical reproductions of NCM's copyrighted works. (2/11/2014 Cease and Desist Agreement Letter, attached as **Exhibit K**).

29.     Defendants stopped their infringing conduct for a period of time, but later resumed copying and advertising their infringing goods using various copyrighted articles. (6/5/2014 Email string with Defendant Roscoe, attached as **Exhibit L**).

30.     On May 3, 2019, NCM's counsel sent Defendants another cease and desist letter informing them that they were once again infringing NCM's copyrights in breach of the their earlier agreement to stop and demanding they stop selling plaques featuring the creative works contained in NCM's publications. (5/3/2019 Cease and Desist Letter, attached as **Exhibit M**).

74551975v1

31.     Recently, Defendants published, publicly displayed, and offered to sell a custom plaque bearing content copied verbatim from a portion of a Copyrighted Work, namely, the article "Getting 'Grunderstruck' in Nashville." Copies of Defendants' proposed plaque that features this Copyrighted Work is attached as **Exhibit N,** and copies of Defendants' previously infringing uses of NCM's Copyrighted Works are attached as **Exhibit O** (collectively, the **"Infringing Works"**).

32.     To this day, the plaque featuring "Getting 'Grunderstruck' in Nashville" is being offered for sale and distributed through Defendants' website as shown below:



https://www.thatsgreatnews.com/Plaque-6508565626#.

33.     Defendants obtained possession of NCM's Copyrighted Works, and intentionally copied them to create the Infringing Works. The Infringing Works are identical digital copies of the Copyrighted Works. Defendants copied the Copyrighted Works without NCM's authorization, consent, or knowledge, and without any remuneration to NCM.

7

34. As shown from a comparison of **Exhibits A** through **Exhibit I** with the copies of Defendants' previously infringing uses of NCM's Copyrighted Works shown in **Exhibit O**, the Infringing Works are identical to the protected elements of the Copyrighted Works. As a result of Defendants' actions described above, NCM has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and sale of the Infringing Works. Defendants have never remunerated or otherwise paid NCM for their use of the Copyrighted Works.

35. Defendants acts are causing, and unless restrained will continue to cause, damage and immediate irreparable harm to NCM for which NCM has no adequate remedy at law.

**COUNT ONE**
**Federal Copyright Infringement**
**(17 U.S.C. § 501)**

36. NCM re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

37. The Copyrighted Works are original literary works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. NCM is the exclusive owner of rights under copyright in and to the Copyrighted Works. NCM owns valid copyright registrations for all but one of the Copyrighted Works, attached as **Exhibits A** through **Exhibit H.**

38. NCM is the owner of all right, title, and interest in the material, attached herein as **Exhibits A** through **Exhibit I.** The Copyrighted Works are all original works of authorship, fixed in a tangible medium, created by NCM through its employees or assigned to NCM.

8

74551975v1

39.     On multiple occasions, Defendants have copied and published NCM's Copyrighted Works on their webpages and on physical plaques they then offered to sell and sold into interstate commerce.

40.     These actions were repetitive, knowing, and intentional in nature.

41.     Without any license, right, or authority, Defendants copied, reproduced, and republished NCM's Copyrighted Works and have continuously published infringing works on their website and on its plaques for commercial gain.

42.     Defendants' Infringing Works are not just "substantially similar,"—but identical to the Copyrighted Works.

43.     Defendants' conduct constitutes copyright infringement in clear violation of the Copyright Act. 17 U.S.C. § 501.

44.     Through Defendants' conduct alleged herein, including their unauthorized and intentional reproduction, distribution, and sale of the Infringing Works (which are directly copied from NCM's Copyrighted Works), Defendants have directly infringed NCM's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

45.     Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of NCM's rights in the Copyrighted Works, and has enabled Defendants to illegally profit therefrom.

46.     As a direct and proximate result of Defendants' infringing conduct alleged herein, NCM has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), NCM is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales

9

of the Infringing Works, and products incorporating or embodying the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

47.     Alternatively, NCM is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per infringement for Defendants intentional and willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

48.     NCM further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

49.     As a direct and proximate result of the Defendants' infringing conduct alleged herein, NCM has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Works. NCM therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

<u>COUNT TWO</u>
**Unfair And Deceptive Practices**
**(O.R.C. § 4165.02(7))**

50.     NCM re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

51.     Without NCM's authorization, Defendants have used and continue to use the Copyrighted Works in their email solicitations and on their plaques in interstate commerce in a manner that suggests sponsorship by, approval by, association with, or affiliation with NCM, which there is not, in violation of the Ohio Deceptive Trade Practices Act, 4165.02(7).

10

74551975v1

52.     Defendants' uses of the Copyrighted Works are likely to cause confusion among the public as to the source, sponsorship, approval, authorization, association, or affiliation of Defendants' products.

53.     Defendants' aforesaid actions constitute false representations in interstate commerce and have caused and will continue to cause irreparable injury to NCM unless Defendants' unlawful acts are enjoined by this Court.

54.     As a direct and proximate result of Defendants' practices, NCM has suffered injury and is entitled to reimbursement, restitution, and disgorgement in the amount necessary to restore NCM to the position it would have been had Defendants not intentionally used the Copyrighted Works in such a deceptive manner.

## COUNT THREE
### Breach of Contract

55.     NCM re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

56.     On February 6, 2014,  Defendant entered an oral agreement with NCM, where NCM agreed not to take further legal action with regard to Defendant's infringing conduct. In exchange, Defendant expressly agreed to stop selling plaques that feature virtually identical versions of NCM's Copyrighted Works. The memorialization of that agreement dated February 11, 2014 is attached hereto as **Exhibit K**  (the "Cease and Desist Agreement Letter").

57.     At all times relevant, NCM complied with its obligations under the contract.

58.     Not even two months after agreeing to stop infringing on NCM's intellectual property rights, Defendant breached by sending out an email solicitation with a link to the Defendant's website, which contained an unlawful copy of NCM's copyrighted material.

74551975v1

59.     In 2019, Defendant again breached the Cease and Desist Agreement Letter and NCM again notified Defendant of the same. *See* **Exhibit M.**

60.     NCM made good faith efforts to handle the continuing infringing behavior amicably by only insisting on removal.

61.     But Defendant materially breached this contract by continuing to use NCM's Copyrighted Works within the *Landscape Management* publication to sell its plaques.

62.     By virtue of Defendant's history of behavior, it has violated, is currently violating, and will continue to violate, the terms of the agreement.

63.     As a result of Defendant's breach of its contractual obligations under the agreement, NCM has suffered and will continue to suffer damages.

64.     Under the circumstances, NCM has suffered monetary damages in an amount not yet determined, but is entitled to reasonable attorney's fees, costs, prejudgment interest, injunctive relief, and any other damages to which NCM is entitled in law or in equity.

## PRAYER FOR RELIEF

**WHEREFORE**, NCM requests judgment against Defendants as follows:

1.     That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.     That a preliminary and permanent injunction is granted, enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a)     manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Work and any products, works, or

12

74551975v1

other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

(b)    reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes NCM's rights in its Copyrighted Works; and

(c)    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

3.    That Defendants be ordered to provide an accounting of Defendants' profits attributable to their infringing conduct, including profits from sales of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

4.    That Defendants be ordered to destroy or deliver up for destruction all materials in their possession, custody, or control used by Defendants in connection with their infringing conduct, including without limitation all remaining copies of the Infringing Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

5.    That Defendants, at their own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendants behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

6.    Awarding NCM:

74551975v1

(a)     Defendants' profits obtained as a result of their infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b)     damages sustained by NCM as a result of Defendants' infringing conduct, in an amount to be proven at trial;

(c)     should NCM so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

(d)     NCM's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7.     Awarding NCM interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8.     Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff North Coast Media, LLC demands a trial by jury as to all issues so triable.

74551975v1

Dated:  August 29, 2022

                                              Respectfully submitted,

                                              /s/  R. Eric Gaum

                                              R. Eric Gaum (0066573)
                                              egaum@taftlaw.com
                                              Patrick J. Krebs (0072828)
                                              pkrebs@taftlaw.com
                                              LaTessa Gray (0101419)
                                              lfgray@taftlaw.com

                                              TAFT STETTINIUS & HOLLISTER LLP
                                              200 Public Square, Suite 3500
                                              Cleveland, OH 44114
                                              Phone: (216) 241-2838
                                              Fax: (216) 241-3707
                                              *Attorneys for Plaintiff,*
                                              *North Coast Media, LLC*